HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JESSICA L. McMICHAEL,

    Plaintiff,

v.

KARL GOUDIE SMALL and THE UNITED STATES OF AMERICA,

    Defendants.

Case No. C05-5075 RBL

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND TRANSFERRING CASE

This matter comes before the Court on Defendant Small's Motion to Dismiss for lack of personal jurisdiction [Dkt. #9] and Defendant United States' Motion to Dismiss for lack of subject matter jurisdiction [Dkt. # 5]. First, Defendant Small is a resident of Virginia and the cause of action arose in Tennessee. Plaintiff counters that the effects of Small's alleged tort are in Washington, thereby providing this Court personal jurisdiction. Second, Defendants argue that this Court is without subject matter jurisdiction over the United States under the *Feres* doctrine. Plaintiff argues that the *Feres* doctrine does not provide immunity in this instance. The Court has considered the pleadings filed in support of and in opposition to the motions, and the remainder of the file herein.

**Factual and Procedural History**

Plaintiff McMichael and Defendant Small were both enlisted members of their respective state's Air National Guard. Plaintiff is a resident of Oregon and Defendant Small is a resident of Virginia. They met at an Airman Leadership School in Tennesse at McGhee Tyson Air National Guard Base, where both were attending. The school was conducted by the Department of the Air Force, a sub-agency of Defendant

United States of America.

The incident in question occurred at Air National Guard Base in Tennessee. While off-duty during the evening of February 21, 2004, McMichael visited an on-base social club. She was served alcoholic drinks and became intoxicated. Later in the evening, she was escorted to her on-base residence hall by an unnamed attendee of the School. Using a school listing, Defendant Small ascertained McMichael's room location and entered it uninvited around 1:00 a.m. that night. McMichael alleges that Small sexually assaulted her after he entered her room.

Plaintiff brought suit in this Court against Small and the United States. She seeks damages for the alleged sexual assault by Small and for the negligence of the United States in ensuring a safe environment at the Airman Leadership School.

**Personal Jursidiction over Defendant Small**

Washington's long arm statute (RCW 4.28.185) represents legislative intent to assert personal jurisdiction over a foreign entity to the full extent permitted by due process. *Byron Nelson Co. v. Orchard Management Corp.*, 95 Wn. App. 462, 975 P.2d 555 (1999). Analysis of jurisdiction under a long-arm statute involves two separate issues: (1) does the statutory language purport to extend jurisdiction, and (2) would imposing jurisdiction violate constitutional principles. *See Grange Ins. Ass'n. v. State of Idaho,* 110 Wn.2d 752, 756, 757 P.2d 933 (1988).

The seminal case on the requirements of due process is *International Shoe Co. v. Washingon*, 326 U.S. 310, 316 (1945). This case established that "Due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." In Washington three criteria have been articulated for making this determination in the specific jurisdiction context: (1) The nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the

ORDER
Page - 2

basic equities of the situation. *See, e.g., Perry v. Hamilton*, 51 Wn. App. 936, 756 P.2d 150 (1988). *See also Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (outlining essentially similar three part test for federal due process analysis of specific jurisdiction). All three of the criteria must be met when the alleged tort does not occur in the forum state but its effects do. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 478 (1985) (*Burger King* test).

Plaintiff does not meet her burden under the *Burger King* test. First, Defendant Small has not made purposeful contact with Washington. The purposeful availment requirement is satisfied where defendant committed a wrongful intentional act, the act was expressly aimed at the forum state, and the defendant knew (or reasonably should have known) that it would be suffered in the forum state. *See Dole Food Co., Inc. v. Watts,* 303 F3d. 1104, 1111 (9th Cir. 2002). Considering the facts in the light most favorable to the Plaintiff, only the first prong of the purposeful availment test is met by Small. Plaintiff argues Small falls under the second prong. She asserts he expressly aimed his actions at Washington because he was aware they would have repercussions in a state other than Tennessee. Plaintiff confuses tortious action aimed at a forum resident and action targeted at the forum. *See Casualty Assurance Risk Ins. Brokerage Co. v. Dillon,* 976 F2d. 596, 601 (9th Cir. 1992) (distinguishing between effect of tort being felt in forum state and effect of tort being directed toward forum state). The latter shows purposeful availment. *See Schwarzenegger,* 374 F3d. at 807 (actions not expressly aimed at forum state when Ohio auto dealer used California Governor's likeness in advertisements because the ads were aimed at Ohio *customers*, rather than California, where the Governor sat). Small did not expressly aim his actions at the state of Washington because he did not know (or reasonably should have known), as far as the pleadings show, that McMichael would suffer harms in Washington.

Plaintiff also fails the third part of the *Burger King* test.[1] The assertion of personal jurisdiction over Small by this Court does not comport with notions of fair play and substantial justice. The tort did not arise here and it would be inconvenient to litigate in Washington for all persons involved save for the Plaintiff. *See Terracom v. Valley Nat'l Bank,* 49 F3d 555, 561 (9th Cir. 1995) ("The law of personal jurisdiction is asymmetrical and is primarily concerned with the defendant's burden.").

---

[1] Incidently, Plaintiff meets the second prong of the *Burger King* test. Plaintiff's lawsuit arises out of Defendant Small's alleged act. But all three prongs must be met.

ORDER
Page - 3

For these reasons, this Court does not have personal jurisdiction over Mr. Small. But the motion to dismiss Mr. Small must be considered in conjunction with the motion to dismiss the United States.

### Subject Matter Jurisdiction over Defendant United States

The United States argues this Court does not have subject matter jurisdiction over the Plaintiff's claims against it. The *Feres* doctrine provides immunity to the United States when it is named as a defendant in a suit where the cause of action is the conduct of United States' military personnel. *See Feres v. United States,* 340 U.S. 135, 146 (1950). The parties disagree as to whether the conduct of Small, who was an enlisted military personnel at the time of the incident in question, falls under the *Feres* doctrine. Defendant argues the alleged actions of Small fall under the *Feres* doctrine, and as a result, warrant dismissal of Defendant United States.

In this Court's view, the issue is a close one. One factor the Court must weigh when considering it is the relationship of both motions. *See Ruhrgas v. Marathon Oil Co.,* 526 U.S. 574, 588 (1999). In *Marathon Oil,* the Supreme Court allowed the trial court to adjudicate subject matter and personal jurisdiction attacks by first addressing personal jurisdiction. The Court held that where the personal jurisdiction issue was straightforward and "the alleged defect in subject-matter jurisdiction raise[d] a difficult and novel question, the court does not abuse its discretion by turning directly to personal jurisdiction." *Id.*

The reasoning in *Marathon Oil* is applicable here. Defendants raise a straightforward personal jurisdiction attack and a more substantial, and subtle, subject matter challenge. Compounding the complexity of Defendants' attack on subject matter jurisdiction is the threat of piecemeal adjudication.

Defendants' two motions might result in piecemeal adjudication of Plaintiff's claim. For example, if Defendants' motion to dismiss Mr. Small was granted, then Plaintiff could still bring suit against him in either Tennessee or Virginia. Furthermore, if Defendants' subject matter motion is denied, the claim could be litigated in two different forums. Under this scenario, the second forum would most likely be a Tennessee court, which Defendant Small concedes is the most appropriate forum.

This Court has an obligation to avoid imposing piecemeal adjudication upon a Tennessee court. Tennessee courts have a policy against piecemeal adjudication. *See Media Group Inc. v. Tuppatch,* 298

F.Supp.2d 235 (D.Conn. 2003) ("To rule otherwise would be to condone piecemeal adjudication of claims, a proposition that Tennessee courts, among others, have soundly rejected")(citing *McKinney v. Wagner 746 S.W.2d 699, 706 (1987))*. As a general policy, piecemeal adjudication should be avoided. *Id.* Therefore, this Court does not grant the motion to dismiss Defendant United States and instead focuses on the personal jurisdiction issue of Plaintiffs' claim. *See Marathon Oil,* 526 U.S. at 588.

### "Wrong Court" Transfer under 28 U.S.C. § 1406

Where a complaint is defective, the case may be transferred to a proper forum, i.e. any court in which the action could have originally been brought. 28 U.S.C. § 1406(a). A transfer to federal district court in Tennessee is proper. The alleged torts arose there. *See District No. 1, Pacific Coast District v. Alaska,* 682 F.2d 797 (9th Cir. 1982) ("This court has stated that a claim arises "in any district in which a substantial part of the act, events, or omissions occurred that gave rise to the claim for relief."). Therefore, it is a venue in which the action could have been brought. *Id.*

A lack of personal jurisdiction over Small is no bar to transfer. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962) ("Nothing in [§ 1406(a)] indicates that the operation of the section was intended to be limited to actions in which the transferring court has personal jurisdiction over the defendants."). Wrong court transfers are guided by further consideration. A "wrong court" transfer under § 1406(a) is proper if it is in the interest of justice. *See, e.g., Pacific Coast District,* 682 F.2d at 799.

The interest of justice is determined by weighing the basic equities of the case. *Goldlawr,* 369 U.S. at 467. A transfer must serve judicial economy, weigh the impact of the statute of limitations, and evaluate the relative injustice imposed on both parties. *Id.* Judicial economy is met here by a transfer because it prevents piecemeal adjudication. The second consideration, the statute of limitations element of the *Goldlawr* test, is not at issue. Finally, the relative injustice to both parties due to transfer is minimal compared to dismissal. Plaintiff is allowed her day in court, which the Court assumes would have been

pursued independent of this Order. *See Id.* ("The problem which gave rise to the enactment of the section was that of avoiding the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn."). Defendants' burden is significant regardless of the forum, though it is diminished by transfer. Small would benefit from transfer. He is neither a resident of Washington nor Tennessee, though the latter is noticeably closer to his home in Virginia. Defendant United States is equally burdened in either forum.

Finally, upon transfer to Tennessee, Tennessee law applies. *See Muldoon v. Tropitone Furn. Co.*, 1 F.3d 964, 966-67 (9th Cir. 1993) (holding in a § 1406(a) transfer the transferee court must apply the law of the state in which it is located.).

It is therefore **ORDERED** that this matter is **TRANSFERRED** to the Federal District Court of the Eastern District of Tennessee. The Motion to Dismiss Defendant United States is **DENIED** without prejudice to re-note the motion in that Court**.** The Clerk is directed to send uncertified copies of this Order to the Clerk of the Federal District Court of the Eastern District of Tennessee, and to all counsel of record.

Dated this 5th day of May, 2005.

*[signature]*
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE